IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY KEVIN SHEA,

      Plaintiff,                         No. 2:10-cv-1640 JFM (PC)

     vs.

A. SANDERS, et al.,

      Defendants.                 <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  On July 12, 2010, plaintiff, the only party to appear in this action, consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

1

and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Plaintiff's complaint contains the following allegations.  In June 2009, during an annual review before the Unit Classification Committee (UCC) at High Desert State Prison (High Desert), plaintiff's prison classification score was reduced to fifty points and he was endorsed for transfer to a lower security Level III yard at Mule Creek State Prison (Mule Creek).  Subsequently, prison officials learned that plaintiff had served a prior prison term and during that term in October 1992 had suffered a prison disciplinary conviction.  Plaintiff was therefore taken back before the UCC, where his classification score was adjusted back up to 58, his pending transfer to Mule Creek cancelled, and he was returned to the status of a Level IV inmate and set

1  to remain at High Desert for two more years. Plaintiff claims that the classification score was
2  calculated in violation of applicable state regulations and the California Department of
3  Corrections and Rehabilitation (CDCR) Operations Manual (DOM) and, therefore, in violation
4  of his federal constitutional right to due process. Plaintiff also claims that retention at High
5  Desert will violate his Eighth Amendment right to be housed in safe conditions.

6  No federal due process right is implicated by a prison's classification and transfer
7  decisions with respect to individual inmates. See Meachum v. Fano, 427 U.S. 215, 224-25
8  (1976). Nor does "the mere act of classification" violate the Eighth Amendment. Myron v.
9  Terhune, 476 F.3d 716, 719 (9th Cir. 2007) (citing Hoptowit v. Ray, 682 F.2d 1237, 1251 (9th Cir.
10 1982). For these reasons, plaintiff has failed to state a claim upon which relief may be granted.
11 This action must, therefore, be dismissed. See 28 U.S.C. § 1915A.

12  In accordance with the above, IT IS HEREBY ORDERED that:

13  1. Plaintiff's request for leave to proceed in forma pauperis is granted.

14  2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
15 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
16 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
17 Director of the California Department of Corrections and Rehabilitation filed concurrently
18 herewith.

19  3. This action is dismissed for failure to state a claim upon which relief may be
20 granted. See 28 U.S.C. § 1915A.

21 DATED: December 9, 2010.

UNITED STATES MAGISTRATE JUDGE

25 12;shea1640.dm